AMERICAN AIR PARCEL FORWARDING COMPANY, LTD., A HONG KONG CORPORATION; AND E. C. McAFEE COMPANY, A MICHIGAN CORPORATION, FOR THE ACCOUNT OF AMERICAN AIR PARCEL FORWARDING COMPANY, LTD., PLAINTIFFS *v.* UNITED STATES OF AMERICA; THE SECRETARY OF THE TREASURY; UNITED STATES CUSTOMS SERVICE; THE COMMISSIONER OF CUSTOMS, UNITED STATES CUSTOMS SERVICE; THE ASSISTANT COMMISSIONER OF CUSTOMS (COMMERCIAL OPERATIONS), UNITED STATES CUSTOMS SERVICE; DIRECTOR, OFFICE OF REGULATIONS AND RULINGS, UNITED STATES CUSTOMS SERVICE; AND DISTRICT DIRECTOR OF CUSTOMS, UNITED STATES CUSTOMS SERVICE, DETROIT, MICHIGAN; Jointly and Severally, defendants

Court No. 82-2-00165

Before RE, *Chief Judge.*

(Dated October 6, 1982)

*Richard A. Kulics,* attorney for plaintiff E. C. McAfee Company, a Michigan Corporation, for the Account of American Air Parcel Forwarding Company, Ltd.

*Goodman, Miller & Miller, (Jonathan Miller,* of counsel) for the plaintiff American Air Parcel Forwarding Company, Ltd., a Hong Kong Corporation.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Susan L. Handler-Menahem* and *Madeline Kuflik* of counsel) for the defendants.

RE, *Chief Judge:* In this action contesting the valuation of clothing imported from Hong Kong, plaintiff E. C. McAfee Co. moves for an order designating a three-judge panel to hear and determine all matters relating to the jurisdiction of this court over the subject matter of the action. Concurrently, plaintiff American Air Parcel Forwarding Co., Ltd. moves for an order shortening defendant's time to respond to plaintiff McAfee's motion for a three-judge panel.

For the reasons which follow, the motion for a three-judge panel is denied. Consequently, the motion to shorten defendant's time to respond is deemed moot.

28 U.S.C. § 255 authorizes the Chief Judge of the Court of International Trade to designate a three-judge panel to hear and determine any action which the Chief Judge finds:

1. Raises an issue of the constitutionality of an Act of Congress, a proclamation of the President, or an Executive order; or

2. Has broad and significant implications in the administration or interpretation of the customs laws.

This action does not involve the constitutionality of an Act of Congress, a proclamation of the President or an Executive order. Plaintiff argues, however, that the resolution of the jurisdictional issue in this action will have broad and significant implications for the administration of the customs laws.

The factual background of this action is set forth in *American Air Parcel Forwarding Co.* v. *United States,* 4 CIT 94 (1982). Subsequent to that decision granting a preliminary injunction, defendant moved for an order of dismissal, arguing that the court was without jurisdiction over this action because it involved protestable decisions which had not been subjected to administrative review. See *United States* v. *Uniroyal, Inc.,* 69 CCPA 179, 687 F. 2d 467 (1982). Plaintiffs, on the other hand, assert that the court has jurisdiction of this action under 28 U.S.C. § 1581 (h) and (i).

This court has elsewhere expressed its reluctance to appoint a three-judge panel merely becuase the jurisdiction of the court has become an issue in a pending action. In *United States* v. *Accurate Mould Co.* 3 CIT 155, (1982), this court considered a motion to designate a three-judge panel to determine the court's jurisdiction over civil penalty actions arising under section 592 of the Tariff Act of 1930, 19 U.S.C. § 1592 (Supp. II 1978). The court stated:

> The presence of an important jurisdictional issue does not, by itself, make this case exceptional. Since the enactment of the Customs Courts Act of 1980, a single-judge court has on numerous occasions decided far-reaching questions affecting the court's jurisdiction * * *.
> * * * In view of the frequency with which jurisdictional issues are raised in this court, [granting the motion] would contravene the principle of judicial administration which requires conservation of judicial resources.

There is no doubt that this case presents a significant jurisdictional issue. However, it is not so exceptional as to warrant the designation of a three-judge panel. Cf. *SCM Corp.* v. *United States,* 79 Cust. Ct. 163, 167, C.R.D. 77–6, 435 F. Supp. 1224, 1228 (1977).

Accordingly, the court, having before it all of the information necessary to decide plaintiff's motion for a three-judge panel, it is hereby

Ordered, that plaintiff E. C. McAfee's motion for a three-judge panel be denied; and it is further

Ordered, that plaintiff American Air Parcel's motion for an order shortening defendant's time to respond to the motion for a three-judge panel be dismissed as moot.